### JACOBER REALTY TRUST

v.

### James T. NEARY, Jr., in his Capacity as Tax Assessor for the City of Warwick.

No. 97–621–Appeal.

Supreme Court of Rhode Island.

Jan. 22, 1999.

---

Frederick A. Costello, Warwick, for plaintiff.

Stephen J. Macgillivray, Newport, for defendant.

Present: LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

PER CURIAM.

This matter came before a panel of this Court on November 17, 1998, pursuant to an order directing both parties to appear and show cause why the plaintiffs appeal from a Superior Court final judgment, which granted the defendant's motion to dismiss the plaintiff's complaint challenging a tax assessment, should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

The plaintiff, Jacober Realty Trust (Jacober), owns realty in Warwick, Rhode Island. On December 31, 1994, Jacober's property was assessed by the City of Warwick tax assessor at $1,220,900. Jacober appealed to the Warwick Board of Assessement (board) from that assessment. That appeal was denied by the board on May 17, 1995 and Jacober thereafter filed a complaint in the Superior Court pursuant to G.L.1956 § 44–5–26 appealing that decision.

On June 23, 1997, the defendant, James T. Neary (Neary), in his capacity as Tax Assessor for the City of Warwick, moved to dismiss Jacober's complaint based on Jacober's failure to file a complete account as required by § 44–5–15. The account that Jacober did file failed to include any estimated value of its real estate. Jacober contended, in opposition to the motion to dismiss, that its filing of an account, although incomplete, was sufficient to satisfy the statutory mandates regardless of whether it was a complete account. The motion to dismiss was granted by a Superior Court trial justice after a hearing on July 22, 1997. Jacober appealed therefrom.

The dispositive issue that surfaces in this appeal is whether § 44–5–26(b) and § 44–5–31 provide a remedy to a taxpayer that has failed to file a complete account as required by § 44–5–15. Clearly §§ 44–5–26(b) and 44–5–31 do, provided that the taxpayer can prove: (1) that the real estate in question has been assessed at a value in excess of the value at which it was assessed on the last preceding assessment day, and at a value in excess of its full and fair cash value, or in excess of the uniform percentage of full and fair cash value utilized in the particular municipality, or (2) the tax assessed is illegal in whole or in part.

We conclude that Jacober's account failed to conform with the requirements for accounts as required by § 44–5–15 and Jacober failed to present evidence to the trial justice that would indicate that the December 31, 1994 assessment made on its realty was at a value in excess of the assessment made on the *last preceding* assessment day, namely, December 31, 1993, as required by § 44–5–26(b). The only evidence presented was that of a lesser assessment of full and fair cash value made on December 31, 1997, three years *after* the challenged 1994 assessment. Clearly that is not the "last preceding assessment day" referenced in the statute and that evidence was irrelevant to Jacober's position.

The trial justice properly granted Neary's motion to dismiss. We find no error in that dismissal.

Jacober's contention that Neary's affirmative defense was defective as well as Jacober's constitutional claims, both of which were raised for the first time here on appeal and in Jacober's supplemental brief to this Court, are not properly before us and therefore, will not be addressed.

Accordingly, Jacober's appeal is denied and dismissed. The Superior Court judgment appealed from is affirmed and the papers in this case are remanded to the Superior Court.

Chief Justice WEISBERGER and Justice GOLDBERG did not participate.